PER CURIAM.
Levin, having been terminated by the University as a University Police Officer I, appeals the order of the Career Service Commission upholding the dismissal, urging that she automatically attained permanent status in this position because her performance evaluation was not completed in compliance with Fla.Admin.Code Rule 22A-9.03(2) and (6), requiring evaluations to be completed by the immediate supervisor. We affirm this point because there are sufficient facts in the record to support the conclusion that appellant’s evaluator, the squad leader, was her immediate supervisor although another supervisor, the assistant squad leader, worked with her more often because of the shift arrangements. However, the squad leader evaluated all employees under him, including appellant and the assistant squad leader, and most importantly, on numerous occasions personally observed appellant on the job. He was also kept regularly advised of her performance by his assistant and other officers. Therefore, we find compliance with the letter and spirit of the rule because the squad leader maintained sufficiently direct contact with the appellant enabling his designation as her immediate supervisor for the purpose of preparing her performance evaluation.
Appellant next urges that Rule 22A-7.04(1) should be construed to require the evaluation to take into account all months of the probationary term, here, including Levin’s first three months during which she was in police officer training *627 school. The rule does not mandate such a construction and we decline to impose it. Appellant’s excellent performance in school seems to have little relevance to her inability to satisfactorily perform her job out in the field. Rather, the rule requires a worker to complete the probationary period satisfactorily before permanent status is reached, with satisfactory service presumed unless an appropriate evaluation is included in the personnel file. Therefore appellant’s second point is affirmed.
Point III contends the Commission erred in finding just cause to discharge appellant as Personnel Aide I, the permanent career service position she left to take her new position. However, as conceded by appel-lee, the Commission’s order approved the University’s action in discharging appellant for just cause only as a University Police Officer I.[1] Therefore, we hold any matters concerning Levin’s Personnel Aide job are not at issue here. Other collateral issues raised under Point III are without merit.
AFFIRMED.
McCORD, SHIVERS and THOMPSON, JJ., concur.

. For purposes of disposing of this case, we accept the parties’ position that because Levin held permanent status in a prior job, she could be dismissed by the University as a Police University Officer I only with good cause, with the dismissal appealable to the Career Service Commission, although Levin was terminated before her probationary period was over. We specifically do not decide whether or not the law requires this result.